## EPITOMIZED OPINIONS
### Published only in the Abstract

---

### No. 684

AYERS, Tee. v. CRAWFORD LAND CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7561. Decided June 13, 1927.

Mauck, PJ., and Middleton, J., of the 4th Dist.. sitting by designation.

**755. MECHANICS' LIENS—60.** Assignments—Where money advanced by party as trustee was not received by laborers as loan but as payment of wages due, assignments made by laborers are not basis for lien. Laborers could not make valid assignment of claim unless they so understood.

Appeal from Common Pleas.
Petition Dismissed.

First Publication of this Opinion.

MIDDLETON, J.

This cause comes into this court on appeal We have considered the evidence and have reached the conclusion that it establishes that the money advanced by plaintiff as trustee was not received by the various laborarers as a loan but as payment of their wages due for labor and in liquidation of all their claims in that respect against The Stubb Construction Company. This being so, when the various assignments made by them were signed there was no longer any basis for a lien in their be half and they could not, then nor thereafter, for themselves, file a statement of lien, and therefore could not, of course, effectually authorize or empower an agent so to do. Furthermore, when they received full payment for their work and labor they could not make a valid assignment of their claims unless they so understood. The evidence shows that this alleged assignment of contract between them and the plaintiff, which the latter relies upon in this proceeding, was wholly fictitious and not by any understanding or agreement of the parties thereto.

We are of the opinion that a court of equity would not be warranted in approving proceedings such as are shown by the evidence in this case for the reason that, while in the instant case the parties may not have intended a fraud,

a precedent would be set under which interable confusion might arise in the administration and enforcement of the lien laws.

The petition of the plaintiff is therefore dis missed.

(Mauck, PJ., concurs.)

Attorneys—Schwab & Heifer, Akron for Ayers; Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Land Co.